# United States District Court
for the
## Eastern District of Tennessee

U.S.A. vs. Patrick Dodd                                                                 Docket No. 1:12-CR-15-012

### Petition for Action on Conditions of Pretrial Release

COMES NOW David L. Shields, U. S. Probation Officer, presenting an official report upon the conduct of defendant Patrick Dodd, who was placed under pretrial release supervision by the Honorable Susan K. Lee sitting in the Court at Chattanooga, Eastern District of Tennessee, on February 9, 2012, under the following conditions:

(a) Report to the United States Probation Office as directed.
(b) Execute a bond or agreement to forfeit in the amount of $30,000 upon failure to appear.
(e) Maintain or actively seek employment.
(j) Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution.
(n) Refrain from possessing a firearm, destructive device, or other dangerous weapon.
(o) Refrain from any use of alcohol.
(p) Refrain from any use of unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. Section 802, unless prescribed by a licensed medical practitioner.
(q) Submit to any method of testing required by the U.S. Probation Office or the Supervising Officer for determining whether the defendant is using a prohibited substance.
(r) Participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the U.S. Probation Office or Supervising Officer.
(s) Participate in a program of home detention for a period of 30 days. Defendant is restricted to his residence at all times, except for employment, education, religious services, medical. substance abuse treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by the Pretrial Services Officer or Supervising Officer; (Completed March 23, 2012).
(u) Report as soon as possible to the U.S. Probation Officer or Supervising Officer if any contact with any law enforcement personnel, including, but not limited to any arrest, questioning, or traffic stop.
(v) Additional condition requested by the Northern District of Georgia: Submit his person, residence, office, vehicle, or any area over which he exercises control to a search, conducted by a U.S. Probation Officer and/or law enforcement officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of pretrial release.
(y) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the District Court.
(z) The defendant shall not take any prescription narcotic, depressant, or stimulant without the consent of the Probation Officer.

**Additional Conditions of Release:** The defendant is placed in the custody of his father, Herbert Dodd, who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the Court immediately if the defendant violates any conditions of release or disappears.

**Respectfully presenting petition for action of court and for cause as follows:**
(if short insert here; if lengthy write on separate and attach)

This officer received a phone message from Assistant United States Attorney (AUSA) Steve Neff advising that the defendant, Patrick Dodd was questioned by Georgia Bureau Investigation Special Agent, Del Thomasson on Thursday, March 29, 2012. According to AUSA Neff, Mr. Dodd was arranging a drug deal for a friend.

This officer contact Agent Thomasson via phone on Friday, March 30, 2012. Agent Thomasson reported that he received a phone call from the father of "a person" who Agent Thomasson has active felony warrants on. The father called Agent Thomasson to advise that his son needs to be arrested because he is back using and purchasing prescription drugs. The father advised that on or about March 28, 2012, he and his daughter were home with his son who had a friend at the house. At first, the father did not know the name of the 3rd party, but overheard the 3rd party state that he will be going to federal prison for 6 to 12 years. The father stated he was afraid because he did not know who this person was and did not want his son to get into any more trouble. The 3rd party was later identified to be the defendant, Patrick Dodd. The father and daughter overhead his son and Mr. Dodd talking at one point and Mr. Dodd stated, "I can't do anything right now because I have to submit a UA the next morning."

On March 29, 2012, the father advised that Mr. Dodd was back at his home with his son and stated that he was attempting to get someone to bring prescription pills to them. The father stated he heard Mr. Dodd saying, "My probation officer will be gone for 10 days and this is my "get out of jail free card".

The father's daughter stated she also heard another conversation whereas Mr. Dodd was texting during the day, attempting to get someone to bring him prescription medication.

After hearing the above information, Agent Thomasson decided to obtain the assistance of a Georgia State Trooper, to go and arrest "the person" who was with the defendant, Mr. Dodd. "This person" has active felony drug warrants for his arrest. Agent Thomasson arrived at the residence of "the person" and sitting on the porch was "this person" and the defendant, Mr. Dodd. Mr. Dodd was searched, but no illegal contraband was found. Mr. Dodd had a cell phone in his hand which was confiscated, along with his personal vehicle. Defendant Dodd stated to Agent Thomasson, "You have to have a search warrant to look at my phone." The State Trooper was present, along with Special Agent Thomasson, when defendant Dodd stated, "Was trying to get a friend something." The authorities questioned the defendant regarding what exactly that statement meant. Mr. Dodd responded, "You will know, it's on the cell phone".

## PRAYING THAT THE COURT WILL ORDER

That a **Warrant** be issued and the defendant be brought before the Court for a hearing to show cause why his bond should be revoked.

## ORDER OF COURT

A **Warrant** is to be issued and the defendant is ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked. This Petition is to be placed under seal until the defendant is arrested or appears in court.

|  |  |
|---|---|
| ORDER OF COURT | I declare that under penalty of perjury that the foregoing is true and correct. |
| Considered and ordered this 2nd day of April, 2012 and ordered filed and made a part of the records in the above case. | Respectfully, |
| SO ORDERED: | *s/David L. Shields* <br> David L. Shields <br> U. S. Probation Officer |
| ENTER. | Approved by: |
| *s/ Susan K. Lee* <br> SUSAN K. LEE <br> UNITED STATES MAGISTRATE JUDGE | *s/Janet F. Landers*         04/02/2012 <br> Janet F. Landers                  Date <br> Supervising U. S. Probation Officer |